# United States Court of Appeals
# For the First Circuit

_____

No. 23-1682

JOE ALVES, individually and on behalf of all other similarly situated,

Plaintiff – Appellant,

v.

GOODYEAR TIRE AND RUBBER COMPANY,

Defendant – Appellee.

_____

On Appeal from the United States District Court
for the District of Massachusetts
Case No. 1:22-cv-11820-WGY

_____

**Plaintiff-Appellant Joe Alves's Response to Order to Show Cause**

| | |
|---|---|
| Brian C. Gudmundson | Joseph P. Guglielmo (BBO #671410) |
| Michael J. Laird | Carey Alexander |
| Rachel K. Tack | Ethan S. Binder |
| ZIMMERMAN REED LLP | SCOTT+SCOTT ATTORNEYS |
| 1100 IDS Center | AT LAW LLP |
| 80 South 8th Street | The Helmsley Building |
| Minneapolis, MN 55402 | 230 Park Avenue, 17th Fl. |
| Tel.: (612) 341-0400 | New York, NY 10169 |
| brian.gudmundson@zimmreed.com | Tel.: (212) 223-6444 |
| michael.laird@zimmreed.con | jguglielmo@scott-scott.com |
| rachel.tack@zimmreed.com | calexander@scott-scott.com |
| | ebinder@scott-scott.com |

*Counsel for Plaintiff-Appellant Joe Alves*

## I.   Introduction

On September 5, 2023, the Court ordered Appellant Joe Alves ("Appellant") to either move for voluntary dismissal pursuant to Fed. R. App. P. 42(b) or to show cause why this appeal should not be dismissed ("Order to Show Cause"). Appellant respectfully submits this Response to the Order to Show Cause.

## II.   Procedural Background

On July 24, 2023, the District Court in <u>Alves v. Goodyear Tire and Rubber Company</u>, No. 1:22-cv-11820-WGY (D. Mass.) ("District Court Action") granted Defendant Goodyear Tire and Rubber Company's ("Goodyear" or "Defendant") Motion to Dismiss, dismissing the District Court Action without prejudice and providing Plaintiff leave "within 30 days of the date of this opinion, to file a motion for leave to file an amended complaint." *See* ECF No. 45 (the "Order") ("[T]his Court **GRANTS** Goodyear's motion to dismiss for lack of personal jurisdiction (ECF No. 32) and **DISMISSES** this action **WITHOUT PREJUDICE**.") (emphasis in original).

On August 15, 2023, Plaintiff filed a Response to the Order, stating his intent to stand on his complaint, declining his option to file a motion for leave to file an amended complaint, and requesting the District Court enter final judgment ("Affirmative Request"). District Court Action, ECF No. 46. On August 15, 2023,

Plaintiff also filed a Notice of Appeal ("Notice of Appeal"). *Id.*, ECF No. 47. The District Court has not taken any action since issuing the Order on July 24, 2023.

## III. The District Court Order

The District Court's Order included the following relevant provision to its "without prejudice" finding and related to potential amendment of the complaint below:

> Alves asks this Court to grant him leave to amend in case of dismissal. Pl.'s Opp'n 20. Goodyear opposes this request and demands that the complaint be dismissed with prejudice. Def.'s Reply 8-9. Goodyear's opposition must be rejected. As the First Circuit recently held in <u>Rodriguez-Rivera</u> 'dismissal on jurisdictional grounds, as opposed to a merits dismissal, should ordinarily be made without prejudice.' 43 F.4th at 162. Moreover, this Court is confident that Alves's lawyers will use their discretion – informed by the present opinion – wisely. Therefore, Alves's request to dismiss the present complaint with leave, within 30 days of the date of this opinion, to file a motion for leave to file an amended complaint is granted.

Order at 18 (emphasis in original). Again, however, rather than amending his complaint or waiting for the thirty days in which to do so to expire, on August 15, 2023 Appellant Mr. Alves filed a notice with the District Court stating his intention to forego amendment and requesting that judgment be entered forthwith. Affirmative Request, ECF No. 46. Appellant Mr. Alves filed his Notice of Appeal that same day.

## IV. Legal Standard

Pursuant to 28 U.S.C. § 1291, "[t]he courts of appeals (other than the United States Court of Appeals for the Federal Circuit) shall have jurisdiction of appeals

3

from all final decisions of the district courts of the United States." "A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 233, 65 S. Ct. 631, 633, 89 L. Ed. 911 (1945); Gelboim v. Bank of Am. Corp., 574 U.S. 405, 408, 135 S. Ct. 897, 902, 190 L. Ed. 2d 789 (2015) ("A final decision is one by which a district court disassociates itself from a case.") see also Canada v. Aceto, No. 18-1322, WL 2018 WL 5023780, at * 1 (1st Cir. 2018) (citing Watchtower Bible & Tract Soc. of N.Y., Inc. v. Colombani, 712 F.3d 6, 10 (1st Cir. 2013)) ("Ordinarily, a judgment is final (and, thus, appealable under section 1291) only if it conclusively determines all claims of all parties to the action.").

"Finality under section 1291 turns on 'whether the district court intended the judgment to represent the final decision in the case.'" N. Am. Butterfly Ass'n v. Wolf, 977 F.3d 1244, 1253 (D.C. Cir. 2020) (citing Bankers Tr. Co. v. Mallis, 435 U.S. 381, 385 n.6, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978) (per curiam)). Thus, the statute "emphasizes the deference that appellate courts owe to the trial judge," and "promot[es] efficient judicial administration." Firestone Tire & Rubber v. Risjord, 449 U.S. 368, 374, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981).

V.   Argument

Circuit Courts have varying interpretations of finality, but often prefer a "practical rather than technical construction" of the law. Cohen v. Beneficial Indus.

Loan Corp., 337 U.S. 541, 546, 69 S. Ct. 1221, 93 L. Ed. 1528 (1949)). Here, the First Circuit Court of Appeals has jurisdiction to review this appeal because: (1) Appellant declared his intent to stand on his complaint on August 15, 2023, and the Order was final and appealable on August 15, 2023; and (2) Appellant's Notice of Appeal was proper and provided the Court of Appeals with jurisdiction over Appellant's appeal. Alternatively, if the Court of Appeals finds jurisdiction lacking, Appellant respectfully requests dismissal without prejudice to pursue this appeal once it becomes ripe.

### a. The District Court Order was final appealable on August 15, 2023.

Appellant's Affirmative Request made the Order "final" on August 15, 2023. This is because when a district court order is such that there is nothing left for the district court to do but enter judgment, the order is final. State St. Bank & Tr. Co. v. Brockrim, Inc., 87 F.3d 1487, 1490 (1st Cir. 1996) (citing Digital Equipment Corp. v. Desktop Direct, Inc., 511 U.S. 863, ——, 114 S.Ct. 1992, 1995, 128 L.Ed.2d 842 (1994) (quoting Catlin v. United States, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945)). Where a district court's dismissal is without prejudice or with leave to amend, the order becomes final and appealable if a plaintiff declares his intention to stand on the complaint and not amend. See Borelli v. City of Reading, 532 F.2d 950, 952 (3d Cir. 1976) (distinguishing fact patterns where plaintiff took no action other than to file a notice of appeal from a scenario where plaintiff took

5

some affirmative action to stand on his complaint); Marshall v. Sawyer, 301 F.2d 639, 643 (9th Cir. 1962) (recognizing "plaintiff's appeal evidences a determination to stand on his complaint and accept the order as dismissal of the action").[1]

The Order became final when Appellant Alves declared his intent to stand on his Complaint, requested the District Court enter judgment based on the Order, and filed a Notice of Appeal. Several reviewing courts have made this conclusion and this case should be no different. Borelli, 532 F.2d at 952; see also The Three Friends, 166 U.S. 1, 40, 17 S. Ct. 495, 497, 41 L. Ed. 897 (1897) (finding finality from filing notice of appeal); Shapiro v. UJB Fin. Corp., 964 F.2d 272 (3d Cir. 1992) (finding

---

[1] Additionally, when reviewing an order for dismissal without prejudice, courts often focus on whether the district court dismissed the entire case or just the complaint. See Acevedo-Villalobos v. Hernandez, 22 F.3d 384, 389 (1st Cir. 1994) ("[W]e hold that when a district court uses the words, "The complaint is dismissed," without expressly granting the plaintiff leave to amend, this is a final decision from which timely appeal may be taken."); Azar v. Conley, 480 F.2d 220, 223 (6th Cir. 1973) (recognizing considerable case law that distinguishes between dismissal of the action, which is final, and dismissal of the complaint and reasoning that an order is final where plaintiff can assume that he had no choice but to stand on his complaint); Benjamin v. United States, 833 F.2d 669, 672 (7th Cir.1987); Ruby v. Secretary of United States Navy, 365 F.2d 385, 387 (9th Cir.1966), cert. denied, 386 U.S. 1011, 87 S.Ct. 1358, 18 L.Ed.2d 442 (1967); N. Am. Butterfly Assoc., 977 F.3d at 1253 ("Ordinarily, when the district court dismisses the 'case,' even when it does so without prejudice to refiling, the litigation is over, and the dismissal is final."). Here, the District Court dismissed the "action" without express leave to amend, and also expressly articulated that the "without prejudice" holding was only to allow Appellant the option to file a motion for leave within 30 days. Otherwise, the "action" was dismissed and there was nothing left for the District Court to do (i.e., the District Court need not go back and address whether the "action" is dismissed absent an amended complaint, it already did that).

finality from declaring intent to stand on complaint); Batoff v. State Farm Ins. Co., 977 F.2d 848, 851, n. 5 (3d Cir. 1992) (finding finality where plaintiff filed notice of appeal within the 30 days allowed to amend).

For example, in Three Friends, the district court entered an order specifying that the complaint (actually the "libel" in admiralty, but the distinction does not matter) was to stand dismissed unless amended within 10 days. 166 U.S. at 40, 17 S. Ct. at 497. Without waiting for the entry of final judgment (or even the expiration of the 10 days), the plaintiff appealed. Id. Addressing the argument that the lack of either amendment or judgment made the decision non-appealable, the Court replied that the appeal itself "was an election to waive the right to amend and the decree of dismissal took place immediately." Id. The decision in Three Friends has given rise in other courts of appeals to the doctrine of springing finality that permits a litigant to appeal from any order that conditions further proceedings on action within a specified time. See Otis v. City of Chicago, 29 F.3d 1159, 1164 (7th Cir. 1994).

More recently, in Shapiro, the court held that declaring intent to stand on the complaint provides finality. 964 F.2d at 278. There, the district court invited the plaintiffs to amend their complaint. Id. The plaintiffs advised the district court they would not amend, but the court never entered a subsequent order and plaintiffs appealed. Id. The defendants in that case contended this affirmative act, declining the right to appeal "was not enough … because plaintiffs failed to obtain an explicit

7

dismissal with prejudice." Id. The Third Circuit disagreed, finding "[i]t seems clear that the district court planned to dismiss with prejudice any claims not amended. Requiring plaintiff to return to the district court … would be a wasteful elevation of form over substance." Id. The reasoning in Shapiro collapsed the jurisdictional inquiry into a single question: whether plaintiff had formally stood on the complaint. Id. Appellant Mr. Alves did just that in this case.

Like the appellants in Three Friends, Shapiro, and those before other courts of appeals, Appellant's affirmative actions on August 15, 2023 created finality in the July 24, 2023 Order granting Appellee's motion to dismiss. Appellant filed a declaration of his intent to stand on his Complaint, requested entry of judgment from the District Court, and filed a notice of appeal on that day. Any one of these acts sufficiently signaled intent to stand on his Complaint and rendered finality to the District Court Action. Taken together, all three acts remove any doubts regarding the finality of the Order. The District Court Order was final and appealable after Appellant removed any uncertainty regarding whether he intended to file a motion requesting leave, as the Order was only "without prejudice" to the extent Appellant moved to seek leave to amend, and otherwise dismissed the action in its entirety.

Additionally, this appeal should not be dismissed or delayed for lack of efficient termination of the District Court Action by the District Court. See Bankers Trust, 435 U.S. at 386, 98 S. Ct. at 1121 ("If, by error, a separate judgment is not

8

filed before a party appeals, nothing but delay would flow from requiring the court of appeals to dismiss the appeal….Wheels would spin for no practical purpose.") Accordingly, the Order was final and appealable on August 15, 2023 and the Court of Appeals has jurisdiction over this matter.

### b. Appellant's Notice of Appeal was proper and provided the Court of Appeals with Jurisdiction over Appellant's appeal.

Alternatively, to the extent the Court determines that August 23, 2023, the date the District Court's 30-day deadline for Plaintiff to seek leave to amend expired, is the date triggering finality of the July 24, 2023 Order, Appellant's Notice of Appeal, filed on August 15, 2023, is still proper.  Pursuant to Fed. R. App. P. 4(a)(2), "[a] notice of appeal filed after the court announces a decision or order – but before the entry of the judgment or order – is treated as filed on the date of and after entry" of judgment.  Thus, Rule 4(a)(2) creates an exception to the general rule for premature notices that "relate forward" to the district court's entry of final judgment.  Ramos-Santiago v. WHM Carib, LLC, 919 F.3d 66, 70 (1st Cir. 2019) (citing Clausen v. Sea-3, Inc., 21 F.3d 1181, 1185 (1st Cir. 1994) (noting that a decision that was appropriate for immediate appeal pursuant to Rule 54(b) was "close enough to a decision that would be appealable if immediately followed by the entry of judgement.")); see e.g., FirsTier Mortg. Co. v. Invs. Mortg. Ins. Co., 498 U.S. 269, 274, 111 S. Ct. 648, 652, 112 L. Ed. 2d 743 (1991) ("Rule 4(a)(2) permits a notice of appeal filed from certain nonfinal decisions to serve as an effective notice from a

9

subsequently entered final judgment…"). Thus, at the very least, the Order was unquestionably final and appealable on August 23, 2023, and the Notice of Appeal was effective on that date.

Notwithstanding that the District Court took no action to enter judgment following Appellant's Request, the District Court Order automatically became final after the period allowed for Appellants to seek leave to file a motion to amend the complaint had elapsed. See Otis v. City of Chicago, 29 F.3d 1159, 1166–68 (7th Cir. 1994) (en banc) (finding that after the period of leave to amend had elapsed, the district court's dismissal of plaintiff's case became final); Kaplan v. Zenner, 956 F.2d 149, 150 n.1 (7th Cir. 1992) (treating the expiration of time as making the prior order of dismissal "final"); Festa v. Electrical Workers, 905 F.2d 35, 37 (2d Cir. 1990) (expiration of time was enough to make the judgment appealable); Schuurman v. Motor Vessel "Betty K V", 798 F.2d 442, 445 (11th Cir. 1986) ("For appeal purposes, … the order of dismissal in this situation becomes final upon the expiration of the time allowed for amendment."); Bankers Trust, 435 U.S. at 386, 98 S. Ct. at 1121 ("[I]f the only obstacle to appellate review is the failure of the District Court to set forth its judgment on a separate document, there would appear to be no point in obliging the appellant to undergo the formality of obtaining a formal judgment."); N. Am. Butterfly Ass'n, 977 F.3d at 1254 ("[A]lthough the district court provided the Butterfly Association a brief opportunity to refile, 'that does not change the fact

10

that, in the absence of such an affirmative act on [the Association's] part, the case [wa]s at an end' upon the expiration of that period."); compare with Richards v. Dunne, 325 F2d 155, 156 (1st Cir. 1963) (finding that the district court's dismissal of plaintiffs' claim was not a final judgment where the court allowed plaintiffs a specific time period to amend and plaintiffs did nothing except file a notice of appeal after the time period to amend elapsed), and WMX Techs, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (plaintiff "did not amend, did not tell the district court that it would not do so, and did not obtain a final order of dismissal. It simply appealed" and the court dismissed for lack of jurisdiction).

In its Order to Show Cause, this Court cited Garcia-Goyco v. Law Env'l Consultants, Inc., 428 F.3d 14, 18 (1st Cir. 2005) (citing Jung v. K. & D. Mining Co., 356 U.S. 335, 336-37, 78 S. Ct. 764, 2 L. Ed. 2d 806 (1958) and Richards, 325 F.2d at 156 for the proposition that the Order may not be "final" for purposes of appellate jurisdiction. Appellant respectfully submits that Garcia-Goyco, while considering the finality of a motion for fees, supports appellant jurisdiction here and Richards is distinguishable in light of Appellant's Affirmative Request below.

In Garcia-Goyco, the district court granted summary judgment on April 30, 2003. Id. at 16. On May 21, 2003, the prevailing party, LEC, filed a timely motion for costs and attorney's fees in the district court action, which, on March 8, 2004, the district court denied "without prejudice of being resubmitted with satisfactory

11

evidence". Id. On April 21, 2004, following a schedule extension, LEC submitted additional evidence to support its motion for fees, and the district court ultimately granted the motion and awarded fees. Id. The non-prevailing party below appealed, and the appellate court was tasked, *inter alia*, with determining whether the March 8, 2004 order was a final order. The First Circuit classified the "question of whether the district court's initial dismissal [of fees] was final" as "complicated," and reasoned that finality can be interpreted differently. Garcia-Goyco, 428 F.3d at *18 (referring to Jung v. K. & D. Mining Co., 356 U.S. 335, 78 S. Ct. 764, 2 L.Ed. 2d 806 (1958).[2]

Considering the finality of the initial order on attorneys' fees, however, the First Circuit in Garcia-Goyco, concluded,

> We need not decide whether the district court's initial dismissal here was final because, even if it was final and the ten day limit of Rule 59 applied to preclude amendments to that judgment, the judgment did not preclude LEC from filing a new motion for attorney's fees based on different evidence.

---

[2] In Jung, the district court dismissed the complaint and granted plaintiffs 20 days to file an amended complaint, which plaintiffs did not do. Id. More than two years later, plaintiffs filed a document declaring their intent to stand on their existing complaint and the district court entered a judgment pursuant Fed. R. Civ. P. 58, dismissing the action. Plaintiff appealed this judgment, and the Second Circuit Court of Appeals dismissed the appeal as untimely. Id. The Supreme Court, in turn, reversed, holding that the initial order did not constitute the "final judgment" in the case. Id. at 337. Jung, however, did not consider whether a prior appeal would have been possible, such as an appeal from district court's dismissal of the complaint; it held only that an appeal within 30 days of the Rule 58 judgment was timely. Id. at 766. Thus, Jung does not support dismissing Appellant's appeal on jurisdictional grounds here.

12

> Here, the district court explicitly cabined its dismissal order by denying the motion "without prejudice of being resubmitted with satisfactory evidence, in addition to LEC's attorneys' own affidavits, justifying the reasonableness of its requested rate for attorney's fees." We view the district court's order as being "with prejudice" to another request based on the same evidence, but "without prejudice" to a new motion based on additional evidence. In such circumstances, a single judgment can preclude further litigation of particular issues, while still permitting further litigation on other issues and the underlying claim itself.

Id. Relevant to the present case, the sentiment of an order being "without prejudice" pending some specific act by a party, and "with prejudice" absent that act holds true here. The Order in the present case was without prejudice only to the extent Appellant filed a motion for leave, which he affirmatively declined to do via a filing in the docket. Thus, pursuant to the reasoning in Garcia-Goyco, the Order was appealable on August 15, 2023, the date Plaintiff affirmatively stated he would not make the specific act that prevented the Order from being "with prejudice."

Richards is distinguishable. In Richards, the district court granted express leave to amend the complaint and the appellant did nothing more than file a notice of appeal. 325 F2d at 156. Here, by contrast, Appellant Mr. Alves made his intent known by formally declining the option to file a motion for leave to amend. The Richards court's holding thus does not apply here.

The facts in the present case further align with the reasoning of courts finding finality upon the expiration of any leave to amend provided in an order dismissing a case. See North American Butterfly Ass'n, 977 F.3d at 1254 ("Because the district

13

court unambiguously identified how, when, and why the case would end if there were no timely amendment—and there was none—the district court disassociated itself from the case and rendered its decision final.") (citing Gelboim v. Bank of Am. Corp., 574 U.S. 405, 408, 135 S.Ct. 897, 109 L.Ed. 2d 789 (2015)). Thus, the Order was final and appealable on August 15, 2023 when Appellant filed a notice declining any right to seek amendment (or at the very latest, August 23, 2023 when the 30 days to seek such amendment expired – with the eight days difference having no practical impact on this Court's present jurisdiction per the discussion). Appellant here expressly responded to the District Court Order by declining the option to file a motion for leave to file an amended complaint and further requested the District Court enter judgment. That affirmative action created finality.

### c. Alternatively, Appellant requests any required dismissal be without prejudice.

To the extent the Court of Appeals determines it lacks jurisdiction, Appellant respectfully requests a dismissal without prejudice, so that he can bring this appeal once the district court formally enters judgment. Any purported prerequisite requirement that the District Court enter a separate document conferring final dismissal of the District Court Action should not prevent a future appeal before an appellate court. See Bankers Trust, 435 U.S. at 386, 98 S. Ct. at 1121("The rule [requiring a separate document confirming dismissal] should be interpreted to prevent loss of the right of appeal, not to facilitate loss."). Thus, if this appeal is

premature, Appellant should be afforded the right to bring it when the issue of finality is settled.

## VI. Conclusion

For the foregoing reasons, the Court of Appeals should find that Appellant has sufficiently demonstrated the Order, entered on July 24, 2023, is final and appealable and that this Court has jurisdiction to hear the appeal.

Dated: September 19, 2023                  Respectfully submitted,

*/s/ Rachel K. Tack*

Brian C. Gudmundson
Michael J. Laird
Rachel K. Tack
ZIMMERMAN REED LLP
1100 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Tel.: (612) 341-0400
brian.gudmundson@zimmreed.com
michael.laird@zimmreed.con
rachel.tack@zimmreed.com

Joseph P. Guglielmo (BBO #671410)
Carey Alexander
Ethan S. Binder
SCOTT+SCOTT ATTORNEYS
AT LAW LLP
The Helmsley Building
230 Park Avenue, 17th Fl.
New York, NY 10169
Tel.: (212) 223-6444
jguglielmo@scott-scott.com
calexander@scott-scott.com
ebinder@scott-scott.com

*Counsel for Plaintiff-Appellant Joe Alves*

## CERTIFICATE OF COMPLIANCE

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionately spaced typeface using Microsoft Word for Microsoft 365 MSO in 14-point Times New Roman font. It contains 3,701 words.

Dated:  September 19, 2023                         */s/ Rachel K. Tack*
                                                   Rachel K. Tack

# CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of September, 2023, I electronically filed Plaintiff-Appellant Joe Alves's Response to Order to Show Cause with the Clerk of the U.S. Court of Appeals for the First Circuit by using the appellate CM/ECF system. I certify that the following parties or their counsel of record are registered as ECF Filers and that they will be served by the CM/ECF system:

- Carey Alexander
- Ethan Samuel Binder
- Brian C. Gudmundson
- Joseph P. Guglielmo
- Sophie Kletzien

- Michael J Laird
- Michael T. Maroney
- Mark Melodia
- Rachel Kristine Tack

*/s/ Rachel K. Tack*
Rachel K. Tack